Gregory Gordon, Esq., State Bar No. 5334
ggordonltd@hotmail.com
GREGORY G. GORDON, LTD
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
Telephone: (702) 363-1072
Facsimile: (702) 363-1084

Richard D. McCune, Esq. CA State Bar No. 132124 – *Pro Hac Vice application pending*
rdm@mccunewright.com
MCCUNEWRIGHT, LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiff DIANE MORTENSEN, on behalf
of herself and all others similarly situated,

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIANE MORTENSEN, as an individual, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICES ACT [N.R.S. § 598, *ET SEQ.*] <br><br> 2. VIOLATION OF NEVADA UNFAIR TRADE PRACTICES ACT [N.R.S. § 598A, *ET SEQ.*] <br><br> 3. CONSUMER FRAUD ACT [N.R.S. § 41.600, *ET SEQ.*] <br><br> 4. FRAUD <br><br> 5. NEGLIGENT MISREPRESENTATION <br><br> 6. CONVERSION <br><br> **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1    Plaintiff DIANE MORTENSEN, as an individual, on behalf of herself and all others similarly

2   situated (i.e., the members of the various Plaintiff Classes described and defined, infra), herein alleges as

3   follows:

4                                                    **I**

5                                  **JURISDICTION AND VENUE**

6    1.    This Court has original jurisdiction of this action under the Class Action Fairness Act of

7   2005.  The amount-in-controversy exceeds the sum or value of $5,000,000 exclusive of interest and

8   costs, and there is minimal diversity because certain members of the class are citizens of a different state

9   than any defendant as required by 28 U.S.C., section 1332(d)(2).

10    2.    Venue as to Defendant is proper in this judicial district because the acts of Defendants

11   Wells Fargo & Company and Wells Fargo Bank, N.A. complained of herein, largely occurred in this

12   judicial district.

13                                                   **II**

14                                 **GENERAL ALLEGATIONS**

15    3.    This is a civil action primarily seeking from Defendants Wells Fargo & Co. and Wells

16   Fargo Bank, N.A., restitution and disgorgement of all profits gained as a result of wrongfully taking

17   overdraft fees from Wells Fargo customers' checking accounts after debit transactions and ATM

18   withdrawals when customers had sufficient funds in their checking accounts to cover these transactions

19   at the time they were made.  Plaintiff also seeks remedies for Defendants' actions in increasingly the

20   likelihood of assessing these charges by identifying and publishing inaccurate "available balance"

21   information to customers; Defendants' practice of creating a line of credit on accounts without the

22   customers' knowledge, thereby permitting overdrafting from the account and assessing overdraft fees;

23   and Defendants' failure to adequately notify Customers of these practices.  Finally, Plaintiff seeks to

24   enjoin Defendants from continuing to conduct such improper activities.  Plaintiff, for herself and all

25   others similarly situated, brings this action pursuant to the Nevada Deceptive Trade Practices Act,

26   Nevada Revised Statute ("N.R.S.") § 598, *et seq.*; Nevada Unfair Trade Practices Act, N.R.S. § 598A *et*

27   *seq.*; and Consumer Fraud Statute, N.R.S. § 41.600, *et seq.*; as well as Nevada common law fraud,

28   negligent misrepresentation, and conversion.

CLASS ACTION COMPLAINT

4.      Plaintiff Diane Mortensen is a resident of the County of Washoe, Nevada.  She entered into her contractual relationship with Wells Fargo & Company and Wells Fargo Bank, N.A. (hereinafter referred to as "WELLS FARGO" or "Defendants") in the County of Washoe, and her account is currently maintained at a Washoe County Wells Fargo branch office.

5.      Wells Fargo & Co. is the parent of all Wells Fargo entities. Wells Fargo & Co. is a diversified financial services company providing banking, insurance, investments, mortgage banking and consumer finance to individuals, businesses and institutions in all 50 states and internationally. Wells Fargo & Co. is headquartered in San Francisco, CA.

6.      Wells Fargo Banking, N.A., is a subsidiary of Wells Fargo & Co. and conducts substantial business in all Counties within the State of Nevada as well as in most other States.

7.      Wells Fargo maintains branch offices throughout the State of Nevada and in most other states.  Individual customer accounts are maintained at these branch offices.

8.      The true names and capacities of defendants sued herein as DOES 1 through 125, inclusive, are currently unknown to plaintiff, who therefore sues such defendants by such fictitious names.  Each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the defendants designated herein as DOES when such identities become known.

9.      Based upon information and belief, plaintiffs allege that at all times mentioned herein, each and every defendant was acting as an agent and/or employee of each of the other defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment with the full knowledge, permission and consent of each of the other defendants. In addition, each of the acts and/or omissions of each defendant alleged herein were made known to, and ratified by, each of the other defendants.

### III

### FACTUAL ALLEGATIONS

**A. "Sufficient Funds" Class Factual Allegations**

10.      WELLS FARGO is one of this country's largest consumer banking companies servicing

-3-

1  millions of individual and business customers nationwide.   One of the services provided by WELLS

2  FARGO for customers who open a checking account is a check/debit/ATM card.  This card allows

3  customers to access their checking account funds by using the card to conduct transactions.  Whether it

4  is transactions with vendors or using the card to withdraw cash from an ATM machine, the card is

5  processed electronically so that WELLS FARGO is aware of the use of the card and has the option to

6  accept or decline transactions at the point of sale.

7       11.    In 2008, Plaintiff DIANE MORTENSEN used her WELLS FARGO debit card to make

8  multiple transactions over several days.  Based on information and belief, WELLS FARGO  expressly

9  electronically approved these transactions before the transactions were completed.  Based on

10  information and belief, at the time of most of these transactions, Plaintiff had a positive balance in her

11  account.

12       12.    However, WELLS FARGO assessed several overdraft fees, which were more than she

13  should have been assessed based on the fact that she had sufficient funds in her account at the time she

14  made most of these transactions, and as a result of WELLS FARGO's re-ordering of transactions from

15  the order they occurred to highest transaction to lowest.

16       13.    Based on information and belief, the insufficient funds charges incurred by Plaintiffs are

17  representative of hundreds of millions of dollars of insufficient overdraft fees that WELLS FARGO

18  assessed its customers and automatically deducted from their checking accounts when there were

19  sufficient funds in their accounts at the time of the transaction.  This is an especially egregious wrongful

20  taking of customers' money from their checking accounts because WELLS FARGO specifically

21  approved each of these transactions and knew at the time it approved the transaction there was sufficient

22  funds in the account to cover the transaction.

23       14.    Finally, WELLS FARGO has failed to provide notice and make customers aware that

24  they can incur insufficient funds overdraft fees on transactions that when made, there was sufficient

25  funds in the account to cover the transaction.

26  **B. "Inaccurate Balance" Class Factual Allegations**

27       15.    Another service that WELLS FARGO promotes, markets and sells to its customers is the

28  availability of current available balance information provided by WELLS FARGO online, by telephone,

-4-

1  by in-store representatives and at ATM's.

2      16.    However, when customers like Plaintiff DIANE MORTENSEN rely on this available

3  balance information provided by WELLS FARGO, they still incur insufficient funds overdraft fees for

4  WELLS FARGO approved purchases made within the available balance amount provided by WELLS

5  FARGO.  Upon information and belief, DIANE MORTENSEN reviewed and relied on her "available

6  balance" information prior to being hit with an overdraft fee.  This is because WELLS FARGO has a

7  practice of publishing inaccurate account balances and therefore misrepresents in all of the above

8  mentioned ways of accessing checking account information that the "available balance" is actually what

9  it purport to be—the amount of funds available in the checking account, and that the transactions within

10  the "available balance"  will not result in overdraft fees

11      17.    WELLS FARGO further misrepresents the accuracy and reliability of these published

12  "account balance" or "available balance" information in its marketing materials and customer

13  contractual agreements while encouraging customers to rely on available balance information provided

14  to them by WELLS FARGO in making their purchase decisions.  Examples of such misrepresentations

15  include:

16      a.   Welcome to Your New Account Jacket:

17  **"Gain More Control Over Your Finances With Wells Fargo Online Banking**.

18  Free online access to your accounts lets you manage your finance any time, anywhere you have Internet

19  access.  **Check your account balances and transaction history**."

20      b.   Consumer Account Fee and Information Schedule, p. 38:

21  **"Wells Fargo Online Banking**

22  Online Banking gives you a convenient and flexible way to manage your finances by providing free

23  online access to your personal accounts. You can view account balances and history, transfer funds and

24  receive monthly statements online."

25      c.   Get your finances into shape with our resources (brochure):

26  **"Wells Fargo Online Banking with Bill Pay**

27  As a leader in Internet banking, we can help you get fiscally fit by organizing your finances with Online

28  Banking with Bill Pay.  This service lets you enjoy managing your money in one place, anytime,

CLASS ACTION COMPLAINT

1    anywhere you have Internet access.  You can check balances, transfer funds between accounts, view

2    your monthly statement and pay your bills all online."

3               d.    Checking, Savings, And More (brochure):

4    "**Online Banking and Bill Pay**

5    • Manage your finances anytime, anywhere you have Internet access

6    • View online statements, check balances, transfer funds, and more

7    • Pay any company or individual in the U.S. with Online Bill Pay"

8               e.    Wells Fargo Account Activity Questions (webpage):

9    "<u>Why are my available and ending balances different?</u>

10   Your available balance is the most current information regarding the funds you have available for

11   withdrawal, ATM or check Card purchases, or writing checks.  It reflects the latest balance based on

12   transactions recorded to your account today including direct deposits, paid checks, withdrawals, and

13   point-of-sale purchases."

14              f.    Checking Account statement envelope, postmarked August 24, 2007:

15   Front side:  "Someday, I'll know where all my money goes."

16   Back side:  "Today.  Take control of your financial life with our **FREE** online tools.  Easily track your

17   spending, transfer funds, check your balances and more with money management tools from *Wells*

18   *Fargo Online*®.  To learn more, visit **www. Wellsfargo.com/wfonline**"

19              g.    Television and Radio Commercial Campaign:

20   In a television and radio commercial campaign, WELLS FARGO advertised that customers could rely

21   on ATM and online balance information for whether the customer had sufficient funds in the account for

22   the transactions.

23       18.    WELLS FARGO has also failed to provide notice to customers that the published

24   available balance information it promotes, markets, encourages and advertises as something for the

25   customer to rely on, is inaccurate and can result in insufficient overdraft charges for transaction that are

26   within the amount of the stated available balance published by WELLS FARGO.

27   //

28   //

CLASS ACTION COMPLAINT

1

**IV**

2

**CLASS ACTION ALLEGATIONS**

3      19.     Plaintiffs initially propose that two subclasses be used in litigating this case, the

4   "Sufficient Funds" Class Plaintiffs and the "Inaccurate Balance" Class Plaintiffs, as defined below.

5      20.     **The "Sufficient Funds" Class Plaintiffs:** Plaintiff incurred an insufficient funds

6   overdraft fee in her checking account for a transaction that when it occurred, there was sufficient funds

7   in the account to cover the transaction. WELLS FARGO approved the transaction of Plaintiff before the

8   transaction was processed. Plaintiff was not notified by WELLS FARGO that she would incur an

9   insufficient funds overdraft fee for an approved transaction where she had sufficient funds to cover the

10  transaction at the time the transaction was made.

11     21.     Plaintiff brings this action on behalf of herself and a plaintiff class initially defined as

12  follows:

13          All WELLS FARGO customers who maintained a checking accounts with a Nevada

14          branch office who from February 5, 2005 to the present who were assessed an

15          insufficient overdraft fee for a Check Card Purchase, Debit Card Purchase, or ATM

16          transaction which there was sufficient funds in the checking account at the time of the

17          transaction to cover the amount of the transaction.

18     Excluded from this class is any entity in which Defendants have a controlling interest, and

19  officers or director of Defendants. Plaintiff, and those persons similarly situated as described in the

20  preceding paragraph, may be collectively referred to herein as "The 'Sufficient Funds' Class Plaintiffs."

21     22.     **The "Inaccurate Balance" Class Plaintiffs:** Plaintiff relied on account available

22  balance information provided to her by WELLS FARGO in entering into the transactions that resulted in

23  an insufficient funds overdraft fee when the available balance provided to her by WELLS FARGO

24  showed she had sufficient funds to cover the transactions. Plaintiff was not notified that the account

25  available balance information provided to her by WELLS FARGO was inaccurate.

26     23.     Plaintiff brings this action on behalf of herself and a plaintiff class initially defined as

27  follows:

28

-7-

CLASS ACTION COMPLAINT

1       All WELLS FARGO customers who maintained a checking account with a Nevada

2       branch office who from February 5, 2005 to the present who were assessed an

3       insufficient overdraft fee for a Check Card Purchase, Debit Card Purchase, or ATM

4       transaction which amount was within WELLS FARGO's published available balance

5       information at the time of the transaction.

6  Excluded from this class is any entity in which Defendant has a controlling interest, and officers

7  or directors of Defendants.  Plaintiff, and those persons similarly situated as described in the preceding

8  paragraph, may be collectively referred to herein as "The 'Inaccurate Balance' Class Plaintiffs."

9      24.     This action is brought as a class action and may properly be so maintained pursuant to the

10  provisions of the Federal Rules of Civil Procedure 23(a) and 23(b).  Plaintiff reserves the right to modify

11  the "Sufficient Funds" Class and the "Inaccurate Balance" Class definitions and the class period based

12  on the results of discovery.

13      25.     **Numerosity of the "Sufficient Funds" and "Inaccurate Balance" Class** – The

14  members of the "Sufficient Funds" Class and the "Inaccurate Balance" Class are so numerous that their

15  individual joinder is impracticable.  Plaintiff is informed and believes that there are at least hundreds of

16  thousands of customers in the class.  Since the class members may be identified through business

17  records regularly maintained by Defendant and its employees and agents, and through the media, the

18  number and identities of class members can be ascertained.  Members of the Classes can be notified of

19  the pending action by e-mail, mail and supplemented by published notice, if necessary;

20      26.     **Existence and Predominance of Common Question of Fact and Law** – There are

21  questions of law and fact common to either the "Sufficient Funds" Class or the "Inaccurate Balance"

22  Class.  These questions predominate over any questions affecting only individual class members.  These

23  common legal and factual issues include, but are not limited to:

24      a.   Whether Defendant WELLS FARGO assessed insufficient overdraft fees for

25         transactions it approved and for which there were sufficient funds in the account at

26         the time of the transaction to cover the cost of the transaction.

27      b.   Whether Defendant WELLS FARGO posted account balances that do not reflect their

28         actual balance, thereby inducing the customers who rely on the inaccurate statement

of account balance into overdrafting from their account and resulting in being assessed overdraft fees.

c.  Whether Defendant WELLS FARGO delayed the posting of transactions made by customers using WELLS FARGO's debit card, check card or ATM card so that customers are charged overdraft fees on transactions even though the customers had sufficient funds in their account to cover the transactions when the transactions were entered into.

d.  Whether Defendant WELLS FARGO re-ordered daily the posting of transactions from largest transactions to smallest, thereby increasing the number of overdraft fees customers are assessed.

e.  Whether WELLS FARGO charged exorbitant overdraft fee that bears no relationship to the actual cost and risk to WELLS FARGO of paying an NSF item that it had already assessed.

f.  Whether WELLS FARGO created a line of credit for customers to permit them to overdraft from their accounts, thereby assessing the customers overdraft fees.

g.  Whether WELLS FARGO failed to disclose to customers each of the above practices.

h.  Whether WELLS FARGO assessed insufficient overdraft fees for transactions which were within the published available balance information at the time of the transaction.

i.  Whether Defendant WELLS FARGO promotes, markets, encourages and advertises the available balance through ATM machines, Online, Bank Statements, In-Store and Telephone as something for the customer to rely on, which is inaccurate and can result in insufficient overdraft charges for transaction that are within the amount of the stated available balance provided by WELLS FARGO.

j.  Whether Defendant WELLS FARGO misled customers regarding that it assessed insufficient overdraft fees for transactions it approved, and for which there were sufficient funds in the account at the time of the transaction to cover the cost of the transaction.

CLASS ACTION COMPLAINT

k.  Whether Defendant WELLS FARGO misled customers that available balance information through ATM machines, Online, Bank Statements, In-Store and Telephone is inaccurate and can result in insufficient overdraft charges for transaction that are within the amount of the stated available balance provided by WELLS FARGO.

l.  Whether Defendant WELLS FARGO'S conduct as described above constitute violations of the causes of action set forth below.;

27.  **Typicality** – The claims of the representative Plaintiff are typical of the claims of the member of either or both of the "Sufficient Funds" Class or the "Inaccurate Balance" Class. Plaintiff, like all other members of the Classes, has sustained damages arising from Defendants' violations of the laws, as alleged herein. The representative Plaintiff and the members of the Classes were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by Defendants.

28.  **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the Classes that would make class certification inappropriate. Counsel for the Classes will vigorously assert the claims of all Class members.

29.  **Predominance and Superiority** – This suit may be maintained as a class action under Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the Classes predominate over the questions affecting only individual members of the Classes and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct. Further, it would be virtually impossible for the members of the Classes to individually redress effectively the wrongs done to them. Even if class members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case.

-10-

CLASS ACTION COMPLAINT

1    Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By

2    contrast, the class action device presents far fewer management difficulties; allows the hearing of claims

3    which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits;

4    and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by

5    a single court.

6           30.     The Class Plaintiff contemplates the eventual issuance of notice to the proposed Class

7    members setting forth the subject and nature of the instant action.  Upon information and belief,

8    Defendants' own business records and electronic media can be utilized for the contemplated notices.  To

9    the extent that any further notices may be required, the Class Plaintiff would contemplate the use of

10   additional media and/or mailings.

11          31.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly

12   maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

13          a.      Without class certification and determination of declaratory, injunctive, statutory

14   and other legal questions within the class format, prosecution of separate actions by individual members

15   of the Classes will create the risk of:

16                  i.      Inconsistent or varying adjudications with respect to individual members

17   of the Classes which would establish incompatible standards of conduct for the parties opposing the

18   Classes; or

19                  ii.     Adjudication with respect to individual members of the Classes which

20   would as a practical matter be dispositive of the interests of the other members not parties to the

21   adjudication or substantially impair or impede their ability to protect their interests;

22          b.      The parties opposing the Classes have acted or refused to act on grounds

23   generally applicable to each member of the Class, thereby making appropriate final injunctive or

24   corresponding declaratory relief with respect to the Classes as a whole; or

25          c.      Common questions of law and fact exist as to the members of the Classes and

26   predominate over any questions affecting only individual members, and a Class Action is superior to

27   other available methods of the fair and efficient adjudication of the controversy, including consideration

28   of:

CLASS ACTION COMPLAINT

1           i.     The interests of the members of the Classes in individually controlling the

2 prosecution or defense of separate actions;

3           ii.     The extent and nature of any litigation concerning controversy already

4 commenced by or against members of the Classes;

5           iii.     The desirability or undesirability of concentrating the litigation of the

6 claims in the particular forum;

7           iv.     The difficulties likely to be encountered in the management of a Class

8 Action.

9 **FIRST CAUSE OF ACTION**

10 **Violation of N.R.S. § 598 *et seq.* – Nevada Deceptive Trade Practices Act**

11 **(Against all Defendants)**

12     32.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

13 herein.

14     33.     Plaintiff is engaged in consumer commerce in Nevada who have been affected by

15 Defendants' deceptive business practices, including:  wrongfully taking overdraft fees from Wells Fargo

16 customers' checking accounts after debit transactions and ATM withdrawals when customers had

17 sufficient funds in their checking accounts to cover these transactions at the time they were made;

18 Defendants' actions in increasingly the likelihood of assessing these charges by identifying and

19 publishing inaccurate "available balance" information to customers; Defendants' practice of creating a

20 line of credit on accounts without the customers' knowledge, thereby permitting overdrafting from the

21 account and assessing overdraft fees; and Defendants' failure to adequately notify Customers of these

22 practices.

23     34.     As a result of Defendants' action, each Plaintiff and members of the Classes have

24 incurred damages in the form of insufficient funds overdraft fees being assessed and automatically

25 withdrawn from their checking account.

26     35.     The conduct of Defendants, as set throughout the Complaint, constitutes unfair and

27 deceptive trade practices in violation of the Nevada Deceptive Trade Practices Act.

28

CLASS ACTION COMPLAINT

36.     Pursuant to N.R.S. § 598, *et seq.*, Plaintiff seeks judicial orders of an equitable nature against Defendants, including, but not limited to, orders declaring such practices as are complained of herein to be unlawful, unfair, fraudulent and/or deceptive and enjoining them from undertaking any further unfair, unlawful, fraudulent and/or deceptive acts or omissions.

37.     In addition, Plaintiff seeks disgorgement of profits and restitution plus interest due thereon at the legal rate.

## SECOND CAUSE OF ACTION

### Violation of N.R.S. § 598A *et seq.* – Nevada Unfair Trade Practices Act

### (Against all Defendants)

38.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

39.     Plaintiff is engaged in consumer commerce in Nevada who have been affected by Defendants' unfair and deceptive business practices, as mentioned throughout this Complaint.

40.     As a result of Defendants' action, each Plaintiff and members of the Classes have incurred damages in the form of insufficient funds overdraft fees being assessed and automatically withdrawn from their checking account.

41.     The conduct of Defendants, as set throughout the Complaint, constitutes unfair and deceptive trade practices in violation of the Nevada Unfair Trade Practices Act.

42.     Pursuant to N.R.S. § 598A, *et seq.*, Plaintiff seeks judicial orders of an equitable nature against Defendants, including, but not limited to, orders declaring such practices as are complained of herein to be unlawful, unfair, fraudulent and/or deceptive and enjoining them from undertaking any further unfair, unlawful, fraudulent and/or deceptive acts or omissions.

43.     In addition, Plaintiff seeks disgorgement of profits and restitution plus interest due thereon at the legal rate.

44.     Because Plaintniff seeks to enforce an important right affecting the public interest, Plaintniff requests an award of attorney's fees pursuant to N.R.S. § 598A.210.

//

//

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**Violation of N.R.S. § 41.600, *et seq.* – Consumer Fraud Act**

**(Against all Defendants)**

45.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

46.     As set forth throughout this Complaint, Defendants engaged in practices proscribed under the Consumer Fraud Act.  Such conduct includes actively concealing material facts and thereby misleading the public and damaging Plaintiff and the members of the Classes.

47.     Pursuant to N.R.S. § 41.600(3), Plaintiff seeks damages for all Class members, and costs and reasonable attorney's fees.

**FOURTH CAUSE OF ACTION**

**Fraud**

**(Against all Defendants)**

48.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

49.     The misrepresentations, nondisclosure and/or concealment of material facts made by Defendants to Plaintiffs and the members of the Class, as set forth above, were known by Defendants to be false and material and were intended by the Defendants to mislead Plaintiff and the members of the Class.

50.     That the Plaintiff and the Class were actually misled and deceived and were induced by WELLS FARGO to incur overdraft charges they otherwise would not have incurred.

51.     As a result of the conduct of Defendants, Plaintiff and the Class members have been damaged by having incurred unwarranted overdraft fees assessed and taken from their checking account. In addition to such damages, Plaintiff seeks punitive or exemplary damages pursuant to N.R.S. § 42.001, *et seq.*, in that defendants engaged in "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant[s] with the intention on the part of the defendant[s] of thereby depriving a person of property or legal rights or otherwise causing injury."

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**Negligent Misrepresentation**

**(Against all Defendants)**

52.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

53.     That Defendants had a duty to provide honest and accurate information to its customers to avoid those customers from incurring expensive and unnecessary overdraft charges.

54.     Defendants specifically and expressly indicated to class members that Wells Fargo's customers' checking account balance or available balance that are published online, by phone, by ATM machines, and in-store inquiries are accurate and reliable, when in fact they are inaccurate and unreliable.

55.     Such misrepresentations were and are made by WELLS FARGO through the use of the identifying term "available balance" in the various methods in which customers may access their checking account information, when in fact such information is not what it purport to be, and through the various marketing materials and the customer agreement contracts (examples of all of which are set forth in the "Factual Allegations" set forth above).

56.     Defendants knew or in the exercise of reasonable diligence should have known, that the ordinary consumer and customer of Defendants' products would understand Defendants' representations concerning the terms "account balance" or "available balance" as being what they purport to be – the actual available balance at the time of the inquiry.  Defendants also knew or in the exercise of reasonable diligence should have known, that the ordinary consumer and customer of Defendants' products would understand the marketing materials and the terms of the customers agreement contracts set forth in this Complaint as indicating that the published "account balance" or "available balance" are accurate and reliable.  Any other understanding on the part of consumers would not be reasonable given Defendants' representations.

57.     Plaintiff and the "Inaccurate Balance" Class members justifiably relied on Defendants' misrepresentation as to their available balance and engaged in debit transactions or ATM withdrawals which were within the limits of their published "available balance," yet were assessed overdraft fees.

-15-

58.     As a result of the conduct of Defendants, Plaintiff and the "Inaccurate Balance" Class Members have been damaged by having relied on Defendants' misrepresentations as to their available balance and have incurred unwarranted overdraft fees.

59.     In addition, by representing and posting pending charges to online accounts in real time, and then including those charges to provide available balance, WELLS FARGO represented to Class Members that overdraft fees would not be charged for transactions that were less than the balance in the account at the time the transaction took place.

60.     Those representations were false as Defendants did assess and automatically deduct overdraft fees from customers account even though there was funds available to cover the transaction at the time of the transaction.

61.     Defendants knew or in the exercise of reasonable diligence should have known, the Plaintiffs and ordinary customers would rely on those representations.

62.     That Plaintiff and the Class Members did reasonably rely on those representations.

63.      As a result, Plaintiff and the Class Members have been damaged by being assessed expensive and unnecessary overdraft fees.

## SIXTH CAUSE OF ACTION

### Conversion

### (Against all Defendants)

64.     Plaintiff incorporates by reference and re-allege all paragraphs previously alleged herein.

65.     Plaintiff and the Class members own and have the right to possess the money that is in their checking accounts.

66.     Defendants interfered with Plaintiff's and the Class members' possession of this money by wrongfully taking directly from their checking accounts overdraft fees after check card, debit card transactions or ATM withdrawals, despite the fact that Plaintiff and the "Sufficient Funds" Class members had sufficient funds in their accounts to cover these transactions at the time they were made, and that the "Available Balance" Class reasonably relied on the available balance information provided by Defendants.

CLASS ACTION COMPLAINT

67.     Plaintiffs and the members of the Classes never consented to Defendants directly taking overdraft fees from their checking accounts as a result of debit card transactions or ATM withdrawals when there were sufficient funds in their accounts to cover these transactions at the time they were made.

68.     Plaintiffs and the Class members have been damaged by Defendants' wrongful taking of overdraft fees from their checking accounts in an amount that is capable of identification through Defendants' records.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on their own behalf and on behalf of the "Insufficient Funds" and "Inaccurate Balance" Classes, pray for relief as follows:

A.     For an order certifying the "Insufficient Funds" Class and appointing Plaintiff and her counsel to represent the "Insufficient Funds" Class;

B.     For an order certifying the "Inaccurate Balance" Class and appointing Plaintiff and her counsel to represent the "Inaccurate Balance" Class;

C.     For an order awarding Plaintiff and the "Insufficient Funds" and "Inaccurate Balance" Classes restitution and/or disgorgement and other equitable relief as the Court deems proper;

D.     For an order awarding Plaintiff and the "Insufficient Funds" and "Inaccurate Balance" Classes punitive/treble damages as to the appropriate cause of action;

E.     For an order enjoining Defendants from continuing to violate the law in the manner stated herein, and such other injunctive relief as the Court deems just and appropriate;

F.     For an order mandating that Defendants engage in a corrective advertising campaign to correct the misperceptions Defendants' conduct created;

G.     For an order awarding plaintiff and the "Insufficient Funds" and "Inaccurate Balance" Classes pre-judgment and post-judgment interest, as well as their reasonable attorneys' and expert-witness fees and other costs; and

//

//

//

CLASS ACTION COMPLAINT

1      H.    For an order awarding such other and further relief as this Court may deem just and

2  proper.

3  DATED: February 5, 2009             GREGORY G. GORDON, LTD

4

5                    By:   **/S/ Gregory G. Gordon**

6                        Gregory G. Gordon
Attorney for Plaintiffs

7                 **DEMAND FOR JURY TRIAL**

8      Plaintiff, and all others similarly situated, hereby demands a trial by jury herein.

9

10  DATED: February 5, 2009            GREGORY G. GORDON, LTD

11                  By:   **/S/ Gregory G. Gordon**

12                      Gregory G. Gordon
Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DIANE MORTENSEN, et al.

## DEFENDANTS
Wells Fargo & Company and Wells Fargo Bank, N.A.

**(b)** County of Residence of First Listed Plaintiff  Washoe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Francisco, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gregory G. Gordon, LTD, 871 Coronado Center Drive, Suite 200,
Henderson, NV 89052, (702) 363-1072

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S.C. § 1332(d)(2)
Brief description of cause:
Violation of Nevada Consumer Protection Laws; Fraud; Negligent Misrep.; Conversion

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):     JUDGE                DOCKET NUMBER

DATE  February 5, 2009
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

AO 440 (Rev. 04/08)  Civil Summons

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | | |
|---|---|---|
| Diane Mortensen, et al. | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. |
| Wells Fargo & Company and Wells Fargo Bank, N.A | ) | |
| Defendant | ) | |

## Summons in a Civil Action

To: *(Defendant's name and address)*

Wells Fargo & Company
Attn:  Legal Department
464 California Street
San Francisco, CA   94104

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Gregory Gordon, Esq., State Bar No. 5334
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_____
Name of clerk of court

Date: _____        _____
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

✎ AO 440 (Rev. 04/08)  Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____

    _____ ; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____

       who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is

    _____ ; or

    (4) returning the summons unexecuted to the court clerk on _____ ; or

    (5) other *(specify)* _____

    _____

    _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00_____ .

Date: _____

                                                  _____

                                                      Server's signature

                                                _____

                                                    Printed name and title

                                                _____

                                                       Server's address

✎ AO 440 (Rev. 04/08)  Civil Summons

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Diane Mortensen, et al. | ) |
| Plaintiff | ) |
| v. | )     Civil Action No. |
| Wells Fargo & Company and Wells Fargo Bank, N.A | ) |
| Defendant | ) |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

    Wells Fargo Bank, N.A.
    Attn:  Legal Department
    464 California Street
    San Francisco, CA   94104

A lawsuit has been filed against you.

       Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, whose name and address are:

   Gregory Gordon, Esq., State Bar No. 5334
   871 Coronado Center Drive, Suite 200
   Henderson, Nevada 89052

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

 

                                                   _____

                                                        *Name of clerk of court*

Date: _____          _____

                                                       *Deputy clerk's signature*

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

✎ AO 440 (Rev. 04/08)  Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____
          _____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
          who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
          _____; or

    (4) returning the summons unexecuted to the court clerk on _____; or

    (5) other (specify) _____
          _____
          _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

Date: _____

                                  _____
                                         Server's signature

                                  _____
                                         Printed name and title

                                  _____
                                         Server's address